UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL JR., <br><br> Plaintiff, <br><br> v. <br><br> DAVID J. SHULKIN, Secretary of Veterans Affairs, <br><br> Defendant. | No. 2:17-cv-1239-JAM-EFB PS <br><br><br> ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Applying these standards here, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff filed this employment discrimination action against defendant the Secretary of United States Department of Veterans Affairs ("VA"), alleging that he was subjected to racial discrimination and a hostile work environment while working for the VA. ECF No. 1. The "Statement of Claim" section of the complaint, rather than providing factual allegations, merely states "See Attached 'Reports of Contact,'" which are appended to the complaint. The four Reports of Conduct indicate that plaintiff, who worked for the VA as an addiction therapist, felt he was mistreated by other VA employees. For example, in one report plaintiff describes disputes between himself and other employees—including plaintiff's supervisor, Dr. Tara Neavins—

| | |
|---|---|
| 1 | regarding the appropriate treatment of two patients. *Id*. at 8. Plaintiff claims that he had a plan |
| 2 | for treating the patients, but other employees subjected plaintiff to questioning and required him |
| 3 | to explain his clinical decisions. *Id*. He claims that he was being singled out and that the |
| 4 | questions were the "direct result of the color of [his] skin." *Id*. |

Another report details a meeting plaintiff subsequently had with Dr. Martin Leamon, who appears to be the director of plaintiff's department, and Dr. Neavins. *Id*. At the meeting, plaintiff expressed his frustrations regarding how others were treating him, and informed Dr. Leamon that he wanted to be treated the same as his colleagues. *Id*. Dr. Leamon allegedly responded by stating, "That's just it, you do want to be treated different than you are being treated." *Id*. Plaintiff contends that Dr. Leamon's statement confirmed that plaintiff has "been the victim of discrimination, harassment, and subjected to a hostile and toxic work environment . . . based on the color of [his] skin, by Dr. Tara Neavins . . . ." *Id*.

A third report describes an incident where plaintiff found Dr. Neavins accessing his computer. *Id*. at 14. When plaintiff asked Dr. Neavins why she was accessing his computer, she stated that she was turning down music that was playing through the computer. *Id*. Plaintiff claims, however, that Dr. Neavins' explanation was a lie because plaintiff witnessed her accessing computer files. Plaintiff further states that she is in mediation with Dr. Neavins regarding a prior dispute and suggests that Dr. Neavins may have been trying to access documents related to the mediation. *Id*.

The last report concerns a dispute plaintiff had with other employees during a retreat. *Id*. Dr. Neavin allegedly brought up a previous conflict plaintiff had with another employee named Caren. During the prior conflict, Caren allegedly stated that plaintiff had no right to make clinical decision regarding a patient since he was only an addiction therapist and not a nurse. *Id*. at 17. During the retreat, another prior altercation, which plaintiff refers to as the "Hang Town" conversation, was raised by a different employee. Plaintiff contends that raising these prior disputes caused an environment that was "*really hostile and racially charged*." *Id*. (emphasis in original).

/////

3

Also appended to the complaint is an email dated October 30, 2016, from Dr. Neavins to plaintiff and another African American employee. In the email, Dr. Neavins asks if plaintiff and the other employee had "seen the green rag" for the "large group room (B-119). *Id*. at 11. Plaintiff "view[s] this email as Dr. Neavins associating 'A rag' to the color of [his] skin (Black)" because the email was sent to the only two African American clinicians working in the building." *Id*.

Although the complaint does not assert any particular cause of action, the reports appended to the complaint suggests that plaintiff seeks to assert a hostile work environment claim under Title VII claim. To state a Title VII claim predicate on a hostile work environment, a plaintiff must allege (1) that he "was subjected to verbal or physical conduct based on race or national origin; (2) that the conduct was unwelcome; (3) that the conduct was 'sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005). The plaintiff must demonstrate that the work environment was both subjectively and objectively hostile. *Id*. In assessing whether the environment was objectively hostile, the court looks "to all of the circumstances, including the frequency, severity, and nature (*i.e.*, physically threatening or humiliating as opposed to merely verbally offensive) of the conduct." *Id*.

The documents appended to plaintiff's complaint reflect that plaintiff was involved in various work-related disputes, which plaintiff attributes to racial animus. The complaint, however, is devoid of any factual allegations demonstrating that the work-related disputes were sufficiently severe or pervasive to alter the condition of plaintiff's employment. Further, the Reports of Conduct do not reflect that plaintiff's work environment was objectively hostile. The few incidents described in the reports, which occurred over the course of a year, do not involve threatening or humiliating conduct. Instead, they largely reflect disagreements as to the appropriate course of care for patients. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.

4

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

/////

5

be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  August 23, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE